J-S47038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MOMO SHERIFF | : | |
| | : | |
| Appellant | : | No. 3175 EDA 2023 |

Appeal from the PCRA Order Entered December 4, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005752-2017

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED MARCH 28, 2025**

Momo Sheriff ("Sheriff") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Sheriff claims that Attorney Edward Meehan, Jr., his plea counsel, rendered ineffective assistance by failing to advise him properly concerning the immigration consequences of his guilty plea. He further claims that Attorney Joseph L. Coleman, his appellate counsel, rendered ineffective assistance by failing to include an issue on direct appeal concerning the discretionary aspects of his sentence. We affirm.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

In 2018, Sheriff pled guilty to attempted murder, firearms not to be carried without a license, and possessing an instrument of crime ("PIC"),[2] in connection with the 2017 shooting of his then-girlfriend, Tanisha McGlond ("McGlond"). This Court provided the following overview of the case on his direct appeal, beginning with the facts presented by the Commonwealth at his plea hearing:

> Had this case proceeded to trial, the Commonwealth would have presented several witnesses. The evidence would have shown that on April 6, 2017, at approximately 2:00 in the morning, at the area of 5700 Florence Street, Sheriff got into an argument with … McGlond.
>
> After this argument, there was a physical altercation, the culmination of which was Sheriff taking out a firearm, for which he did not have a permit to carry, and firing at least four shots.
>
> One of the bullets struck McGlond, went through her right leg, the other one struck her in the buttock, and the third one went through her abdomen and was lodged in her back. That bullet remains in her body today. ...
>
> The evidence would also show that there was a … witness who heard a female voice say, why did you do that, and a male voice saying, because you didn't listen.
>
> But for the neighbors calling 911 and the speedy actions of the police officers, it's doubtful whether [McGlond] would have survived. And that is why [the Commonwealth is] proceeding with the [a]ttempted [m]urder charge.

_____

[2] 18 Pa.C.S. §§ 901(a), 6106(a)(1), 907(a).

N.T., Guilty Plea, 8/28/[20]18, at 8-9. Sheriff agreed to this recitation of the facts. *Id.* at 10. He also acknowledged he understood "there's a possibility" he may face deportation. *Id.* at 7. Furthermore, we note the Commonwealth possessed a surveillance video that captured the incident. N.T., 3/14/[20]19, at 11. Sheriff entered an open guilty plea to attempted murder, PIC, and firearms not to be carried without a license.

Prior to sentencing, Sheriff filed a pro se motion to withdraw his guilty plea on January 7, 2019, and a counseled motion to withdraw [his] guilty plea on February 26[, 2019]. The trial court conducted a hearing on March 14[, 2019,] at which Sheriff raised a claim of innocence. Sheriff claimed he and McGlond were leaving a bar, and Sheriff thought another individual was "pulling out a gun so Sheriff fired shots at that individual, and McGlond may have been struck in the crossfire." N.T., 3/14/[20]19, at 6. Sheriff maintained he "never ever intended to harm McGlond." *Id.* at 6-7. Additionally, Sheriff raised an issue with McGlond's ability to observe who shot her, and Sheriff argued he was "never told" his "offenses were automatically deportable." *Id.* at 7-9. The Commonwealth responded that Sheriff's claim of self-defense is "at odds with ... the surveillance video," and that if Sheriff "was truly not intending to shoot her but was aiming at someone else," he would have called 911 and waited, rather than leaving before police arrived. *Id.* at 11-12. [The] Commonwealth also pointed to, as consciousness of guilt, Sheriff promising McGlond $10,000 in exchange for her promise not to testify against him. *Id.* at 12. Lastly, the Commonwealth alleged it would be substantially prejudiced due to the age of its 78[-]year[-]old eyewitness, the time that had passed since Sheriff's plea, and the emotional toll that testifying would inflict on McGlond due to past domestic violence allegedly suffered at Sheriff's hand. *Id.* at 13-14. The [plea] court denied Sheriff's motion to withdraw his plea. *Id.* at 16.

This case proceeded to sentencing on March 28, 2019. Sheriff first orally requested the trial court to reconsider the denial of his motion to withdraw his plea. Sheriff argued he sent letters to his prior counsel[] requesting to withdraw his plea due to counsel's inadequate representation and Sheriff's "suffering from mental illnesses as well as some medication that Sheriff was on." N.T. Sentencing, 3/28/[20]19, at 6-7. Due to being "left in the dark" by prior counsel, Sheriff claimed the court should "look at the timing of when Sheriff asked to withdraw the plea." *Id.* at 7.

Sheriff also claimed he was not "properly advised ... with regards to immigration consequences." ***Id.*** The court again denied Sheriff's request to withdraw his plea. The court then sentenced Sheriff to 20 to 40 years' imprisonment and seven years' probation. ***Id.*** at 12, 34.

***Commonwealth v. Sheriff***, 2277 EDA 2019, 2021 WL 240537, *1-2 (Pa. Super. Jan. 25, 2021) (non-precedential decision) (original brackets omitted; brackets added).

Sheriff filed an unsuccessful post-sentence motion, followed by a direct appeal. This Court affirmed his judgment of sentence, concluding that the lower court did not abuse its discretion by denying his motion to withdraw his guilty plea. ***Id.*** at *5. This Court informed Sheriff that it would not address his claim alleging that Attorney Meehan provided him with deficient advice concerning the deportation consequences of his guilty plea, noting that Sheriff should raise any claim that counsel rendered ineffective assistance through the PCRA. ***Id.*** at *4. Our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Sheriff***, 259 A.3d 338 (Pa. 2021).

Sheriff filed a timely pro se PCRA petition, his first, on March 1, 2022. Following appointment of counsel, Sheriff filed an amended PCRA petition on July 25, 2022. The Commonwealth filed a response on December 25, 2022, urging the PCRA court to dismiss the petition without a hearing. On November 1, 2023, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Sheriff did not file a response

- 4 -

before the PCRA court.[3] On December 4, 2023, the PCRA court dismissed Sheriff's petition.

Sheriff timely filed a notice of appeal.[4] The PCRA court and Sheriff complied with Pa.R.A.P. 1925.

_____

[3] Sheriff submitted a pro se filing on November 2, 2023, purporting to amend his petition to add a claim concerning the arresting officer in his case, Detective David Baker. The certified record does not indicate that the clerk of courts provided a copy of this pro se filing to his PCRA counsel and the Commonwealth pursuant to Pa.R.Crim.P. 576(A)(4). Sheriff does not raise any claims concerning the allegations in this filing on appeal.

[4] Curiously, the certified record contains two orders disposing of Sheriff's PCRA petition: a December 4, 2023 order dismissing the petition, from which Sheriff appealed, and a June 6, 2023 order denying the petition. The PCRA court's Rule 1925(a) opinion does not mention the December dismissal order at all. PCRA Opinion, 4/29/2024, at 2. Although the record clearly indicates that the PCRA court continued to conduct proceedings after entering the June denial order until it dismissed the petition in December, the PCRA court's account of the procedural history concludes with the June order. **Id.** This is significant because if the June order constituted a final order, Sheriff's appeal would be untimely, and we would lack jurisdiction to consider it. Because the timeliness of an appeal impacts our jurisdiction, we may consider the timeliness of the appeal sua sponte. **Commonwealth v. Liebensperger**, 904 A.2d 40, 43 (Pa. Super. 2006). Generally, our jurisdiction only lies from a final appealable order, and an appeal must be filed within thirty days of the order's entry. **See Commonwealth v. Scarborough**, 64 A.3d 602, 608 (Pa. 2013); Pa.R.A.P. 341(b)(1) (defining a "final order" as, among other things, any order that "disposes of all claims and of all parties" or an order entered pursuant to subsection (f)); Pa.R.A.P. 341(f)(1) ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal."); Pa.R.A.P. 903(a) (requiring an appeal to be filed within 30 days after the entry of the order from which the appeal is taken).

Despite the text of the June 6, 2023 order explicitly denying the petition, we conclude that the June 6, 2023 order was not a final order because the PCRA court appears to have contemplated further proceedings. **See** Docket
*(Footnote Continued Next Page)*

On appeal, Sheriff asks this Court to decide whether the PCRA court erred by: (1) failing to find that Attorney Meehan rendered ineffective assistance by "not properly advising [Sheriff] concerning deportation"; (2) failing to conclude that Attorney Coleman rendered ineffective assistance by failing to raise the denial of his post-sentence motion regarding the discretionary aspects of his sentence on direct appeal; and (3) dismissing his PCRA petition without a hearing. ***See*** Sheriff's Brief at 6.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Munoz-Rodriguez***, 326 A.3d 952, 958 (Pa. Super. 2024). "Our review over questions of law is de novo." ***Commonwealth v. Murchison***, 328 A.3d 5, 16-17 (Pa. 2024).

A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1040 (Pa. Super. 2007). If the PCRA court can determine from the record that no genuine issues of material facts exist, it need not conduct an evidentiary hearing.

_____

Entry, 6/5/2023 ("PCRA Denied 907 notice to be sent."); Docket Entry, 7/17/2023 ("The Court to send 907 notice. Continued for Status of Dismissal."); Docket Entry, 9/11/2023 ("PCRA Continued Court to send 907 notice Matter is NOT dismissed."); PCRA Court Order, 11/1/2023, at 1 (notifying Sheriff that the court intended to dismiss the petition without a hearing pursuant to Rule 907); PCRA Court Order, 12/4/2023, at 1 (dismissing the petition); Docket Entry, 12/4/2023 (noting that the matter was "formally dismissed").

*Commonwealth v. Anderson*, 327 A.3d 273, 280–81 (Pa. Super. 2024); Pa.R.Crim.P. 907(1) (outlining the procedure for dismissal without a hearing if the PCRA court determines that there are "no genuine issues concerning any material fact and that the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings"). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. McCready*, 295 A.3d 292, 298 (Pa. Super. 2023).

Sheriff's first two issues raise claims sounding in ineffective assistance of counsel. "To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Webb*, 236 A.3d 1170, 1176 (Pa. Super. 2020); *see also* 42 Pa.C.S. § 9543(a)(2)(ii).

> Counsel is presumed to have been effective. In order to overcome that presumption and prevail on a claim of ineffectiveness, Appellant must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that because of the act or omission in question, the outcome of the proceeding would have been different.

*Commonwealth v. Hand*, 252 A.3d 1159, 1166 (Pa. Super. 2021) (citations omitted). PCRA petitioners bear the burden of pleading and proving each of the three factors by a preponderance of the evidence. *Commonwealth v. Krock*, 282 A.3d 1132, 1137 (Pa. Super. 2022). Failure to satisfy any one of the three prongs of the test will result in failure of the entire claim. *Webb*, 236 A.3d at 1176.

<u>Immigration Consequences of Guilty Plea</u>

Sheriff argues that plea counsel provided him with ineffective assistance by failing to advise him that by pleading guilty to the charges, he would be subject to automatic deportation to Liberia. Sheriff's Brief at 15. Sheriff argues that the colloquy regarding immigration consequences at his guilty plea hearing was "insufficient" under *Padilla v. Kentucky*, 559 U.S. 356 (2010). Sheriff's Brief at 16. Sheriff does not expand upon this sparse analysis other than to quote the following exchange between the plea court and Sheriff during the plea hearing:

> [Plea court]: [I]t is my understanding that you may face deportation; is that correct?
>
> [Sheriff]: Yes. There's a possibility, yes.

Sheriff's Brief at 16 (quoting N.T., 8/28/2018, at 7). He also recounts a statement by Attorney Coleman, who represented him when he sought to withdraw the plea that he had entered while represented by Attorney Meehan: "I know enough dealing with it in a criminal matter that these offenses are

automatically deportable. That was never told to him." *Id.* at 15 (quoting N.T., 3/14/2019, at 9).

In examining this issue, we bear in mind the following. A criminal defendant has the right to effective counsel during the plea process. *Commonwealth v. Velazquez,* 216 A.3d 1146, 1150 (Pa. Super. 2019). "Under the PCRA, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the petitioner to enter an involuntary or unknowing plea." *Id.* at 1149 (cleaned up). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Wah*, 42 A.3d 335, 338-39 (Pa. Super. 2012) (cleaned up). "To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (cleaned up).

In the seminal case of *Padilla v. Kentucky*, due to the "seriousness of deportation as a consequence of a criminal plea," the Supreme Court of the United States considered the extent to which criminal counsel must advise noncitizen clients regarding the immigration consequences of pleading guilty to a crime. *Padilla*, 559 U.S. at 374. To provide effective assistance of counsel that comports with the Sixth Amendment of the United States

Constitution, the Supreme Court ruled that criminal defense counsel must inform a noncitizen client "whether his plea carries a risk of deportation." *Id***.** When immigration "law is not succinct and straightforward … a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* at 369. "But when the deportation consequence is truly clear … the duty to give correct advice is equally clear." *Id.*

In Padilla's situation, the Supreme Court determined that counsel reasonably could have determined the immigration consequence of pleading guilty to a drug offense simply by reading the text of the federal removal statute. *Id.* at 368-69. By providing Padilla with false assurances that pleading guilty would not impact his immigration status due to the length of time he had lived in the country, counsel's advice was constitutionally deficient. *Id.* The Supreme Court remanded the case for the trial court to determine whether Padilla suffered prejudice from the deficient advice. *Id.*

This Court has interpreted the duty to provide correct advice articulated in *Padilla* as a requirement to "inform a noncitizen defendant as to whether a plea carries a **risk** of deportation." *Commonwealth v. Escobar*, 70 A.3d 838, 841 (Pa. Super. 2013) (citing *Padilla*, 559 U.S. at 373-74) (emphasis added). This onus is on counsel, not the court. *Commonwealth v. Rachak*, 62 A.3d 389, 395 (Pa. Super. 2012). The duty to provide correct advice concerning the immigration consequences of a guilty plea does not necessarily

require criminal counsel to advise a client that pleading guilty will result in a definite deportation. *Escobar*, 70 A.3d at 841. Even if the offense seems to be a deportable offense pursuant to the federal statute,[5] counsel cannot predict with absolute certainty whether the "U.S. Attorney General and/or other personnel would necessarily take all the steps needed to institute and carry out [an] actual deportation." *Id.* Thus, counsel's warning that deportation was "likely and possible," combined with the written plea colloquy acknowledging the possibility of deportation, satisfied counsel's duty under *Padilla*. *See id.*

On the other hand, this Court has made it clear that the requirement to provide correct advice means that counsel must be careful not to mislead the client about the immigration consequences of a plea. *See, e.g., Commonwealth v. Ramirez-Contreras*, 320 A.3d 756, 765 (Pa. Super. 2024) (holding that plea counsel provided ineffective assistance by merely mentioning that the client "could" speak to an immigration attorney if he had concerns without ascertaining his immigration status or even notifying him that pleading guilty to a sex offense may result in deportation); *Velazquez*, 216 A.3d at 1150 (holding that counsel's advice was constitutionally inadequate by erroneously telling his client that he faced **no** risk of deportation upon pleading guilty to simple assault).

_____

[5] 8 U.S.C. § 1227 (providing categories of "alien[s]" who are "deportable").

- 11 -

Here, the PCRA court determined that Sheriff's ineffective assistance of counsel claim lacked arguable merit because Sheriff was aware of the possibility of deportation. PCRA Court Opinion, 8/29/2024, at 3. Upon review of Sheriff's arguments on appeal, which mirror the averments in his amended petition, we conclude that the PCRA court did not err by concluding that there was no merit to his ineffective assistance of counsel claim as pled. In connection with his plea, Sheriff signed a written plea colloquy, wherein he acknowledged that he read and understood the following:

RISK OF DEPORTATION (If an Alien)

I know that if I am not a United States citizen, it is possible I may be deported if I plead guilty to the crime(s) charged against me.

Written Plea Colloquy, 8/28/2024, at 3. As he partially recounts in his brief, the plea court asked Sheriff during his plea hearing if he was aware that pleading guilty could result in his deportation and if he was willing to plead guilty anyway. N.T., 8/28/2024, at 7-8. He responded affirmatively twice. *Id.* Sheriff also told the plea court that his plea counsel reviewed the written colloquy with him, that he understood it, and that he was satisfied with the performance of plea counsel. *Id.* at 6-7.

Sheriff does not allege that Attorney Meehan misled him as to the consequences of his plea or that he otherwise provided incorrect advice. *See* *Ramirez-Contreras*, 320 A.3d at 765. Sheriff fails to set forth the legal basis for his assertion that deportation would be mandatory or, if true, explain why Attorney Meehan should have known that the immigration consequence for

- 12 -

his plea was "truly clear" and "succinct and straightforward." *See Padilla*, 559 U.S. at 369. Nor does Sheriff elaborate upon why his plea colloquy was insufficient under *Padilla* or connect it to his claim about Attorney Meehan's performance. *See Escobar*, 70 A.3d at 841. Thus, we find no abuse of discretion in the PCRA court's finding that Sheriff's ineffectiveness claim as to Attorney Meehan is without merit. *See Wah*, 42 A.3d at 338-39; *see also Webb*, 236 A.3d at 1176.

Because Sheriff fails to identify any genuine issue of material fact that warranted a hearing or establish that the PCRA court erred by concluding that he is not entitled to PCRA relief, this issue garners him no relief. *See Anderson*, 327 A.3d at 280-81; Pa.R.Crim.P. 907(A).

### Discretionary Aspects of Sentence

Sheriff's next claim is that Attorney Coleman rendered ineffective assistance of counsel by not challenging the denial of his post-sentence motion regarding the discretionary aspects of his sentence on direct appeal. Sheriff's Brief at 16. Sheriff argues that his sentence of twenty to forty years in prison was unduly harsh because the trial court did not sufficiently consider mitigating factors such as the child abuse he experienced, the rebel violence he witnessed during his upbringing in Liberia, and his mental illness and substance-use disorders. *Id.* at 16–17.

Although Sheriff purports to frame the issue in terms of the ineffectiveness of Attorney Colemen, he fails to present or discuss this issue

in terms of the three-factor ineffective assistance of counsel test. **See Commonwealth v. Hernandez**, 328 A.3d 1159, 1166 (Pa. Super. 2024). ("In order to be cognizable under the PCRA, a challenge to the discretionary aspects of a sentence must be presented in the context of a claim of ineffective assistance of counsel."). Even if he properly set forth his claim in terms of ineffective assistance of counsel, we agree with the PCRA court that a challenge to counsel's effectiveness on this basis would fail for lack of arguable merit, as Sheriff does not set forth any convincing reason as to why this Court would have found that the sentencing court abused its discretion in sentencing Sheriff. **See Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009) (holding that this Court cannot simply "re-weigh the sentencing factors and impose our judgment in the place of the sentencing court"). Indeed, the sentencing court had the benefit of a presentence investigation report, which established the court was aware of Sheriff's mitigating circumstances. **See** N.T., 3/28/2019, at 5; **see also Commonwealth v. Rhoades**, 8 A.3d 912, 919 (Pa. Super. 2010) (noting that where "the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (cleaned up). Because counsel cannot be found ineffective for failing to raise a baseless or meritless claim, **Commonwealth v. Epps**, 240 A.3d 640, 645 (Pa. Super. 2020), this issue does not afford Sheriff any relief.

Based on the foregoing, we affirm the PCRA court's order dismissing Sheriff's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/28/2025